UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENNY FRANKLIN EDMONSON**                                      **PLAINTIFF**

**v.**                                                            **CIVIL CASE 3:17-cv-161-HSO-JCG**

**SULLIVAN DUKES, JR.,**
**AMERIHOMES, LLC,**
**PIERCE BOYD, and**
**MITCHELL THOMAS**                                         **DEFENDANTS**

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION [2] TO PROCEED *IN FORMA PAUPERIS* BE DENIED

BEFORE THE COURT is Plaintiff Kenny Franklin Edmonson's Application to Proceed *in forma pauperis*. (ECF No. 1). Plaintiff, proceeding *pro se*, filed his Complaint [1] on March 10, 2017. The undersigned recommends that Plaintiff's Application [2] to Proceed *in forma pauperis* be denied and that Plaintiff be directed to pay both the $350 filing fee and $50 administrative fee associated with filing this lawsuit.

## ANALYSIS

The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of costs or security thereof . . . ." 28 U.S.C. § 1915(a)(1). "Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). There is no absolute right to proceed *in forma pauperis*, and the Court has broad discretion to deny an application to proceed *in forma pauperis*, especially in civil cases where the privilege should be granted sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir.1975).

In order to grant an application to proceed *in forma pauperis*, the Court must

examine the financial condition of the applicant in order to determine whether the payment of fees would cause undue hardship. *Prows,* 842 F.2d at 140. "To determine whether a particular order causes undue hardship, a court must examine the financial condition of the *in forma pauperis* applicant. This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

A review of the financial information submitted in Plaintiff's Application indicates that Plaintiff is employed, has income of $2,500.00 per month, and has in excess of $70,000.00 in assets. Plaintiff has no dependents. This Court as well as others have utilized the applicable poverty guidelines to assess an applicant's financial condition. *Young v. Citi Mortg., Inc.,* No. 3:13cv836-DCB-MTP, 2014 WL 1883675, *2 (S.D. Miss. May 12, 2014)(collecting cases). The applicable poverty guideline for a family of one is $12,060.00 annually. *See* Annual Update of the HHS Poverty Guidelines, 82 Fed.Reg. 8831-03, 2017 WL 395763 (Jan. 31, 2017). Plaintiff's income far exceeds the poverty level. Payment of both the $350 filing fee and $50 administrative fee will not cause Plaintiff undue financial hardship.

Plaintiff is advised that it is his responsibility to prosecute this case and that the case cannot proceed until each Defendant has been served with a summons and a copy of the Complaint. It is Plaintiff's responsibility to prepare the summons to be served on Defendants and to present the prepared summonses to the Clerk of Court for issuance. Fed. R. Civ. P. 4(b). Plaintiff is advised that there is also a process and form to request waiver of service from each Defendant that can be found in Federal Rule of Civil Procedure 4.

Plaintiff is cautioned that this case may be dismissed without prejudice if Defendant "is not served within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). Failure of Plaintiff to keep the Court apprised of his current address may also result in dismissal of this case without prejudice and without further notice to Plaintiff.

## RECOMMENDATION

It is the recommendation of the undersigned Magistrate Judge that:

1. Plaintiff Kenny Franklin Edmonson's Application [2] to Proceed *in forma pauperis* be **DENIED** and that Plaintiff be required to pay both the $350 filing fee and $50 administrative fee; and

2. Should Plaintiff fail to timely pay these fees, this matter be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT/APPEAL

Pursuant to 28 U.S.C. § 636(b)(1) and Local Uniform Civil Rule 72(a)(1), any party who desires to object to this Report and Recommendation must serve and file written objections "[w]ithin fourteen days after being served with a copy." 28 U.S.C. § 636(b)(1)(C). "Objections must be filed and served upon the other party or parties . . . ." L.U.Civ.R. 72(a)(1)(A). The District Judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are

clearly erroneous, or that the magistrate's ruling is clearly erroneous or contrary to law." L.U.Civ.R. 72(a)(1)(B).

A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. If Plaintiff does not file objections to this Report and Recommendation, he will be barred from a *de novo* determination by the District Judge. Additionally, if Plaintiff does not file objections to this Report and Recommendation, he will be barred, except on grounds of plain error, from attacking on appeal the proposed findings and recommendations that have been accepted by the District Judge and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at his address of record by certified mail, return receipt requested.

**THIS**, the 11th day of April, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE